# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-584-6 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| AUSTIN COLLINS, et al., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Austin Collins ("Collins") was one of sixteen individuals charged in 2021 with participation in a criminal organization known as "Shorb Bloc," which allegedly "engaged in drug distribution, and acts of violence involving murder, assault, robbery, and witness intimidation" in the Northwest Canton, Ohio area. (Doc. No. 1 (Indictment) ¶ 1.) All defendants were charged with conspiracy to violate the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(d). Various defendants were also charged with one or more drug trafficking crimes. (*See generally id.*) Fourteen of the originally charged defendants have entered guilty pleas and some have already been sentenced by this Court. Only two of the original sixteen—Collins and defendant Dejour Kelly ("Kelly")—remain. The joint jury trial of these two defendants is currently set for August 14, 2023. (Doc. No. 425 (Ends of Justice Order).)

Now before the Court is Collins' untimely pre-trial motion to sever. (Doc. No. 335.) For the reasons that follow, this motion is DENIED.

## I. BACKGROUND

At the request of counsel, and due in part to the then-present COVID-19 pandemic, the number of defendants, and the complexity of the case, the Court continued the dates and deadlines in this case on numerous occasions. (*See, e.g.*, Doc. No. 168 (Ends of Justice).) On October 25, 2021, the Court issued an Amended Trial Order. (Doc. No. 169.) Among the dates and deadlines set by the Court was a January 14, 2022 deadline for filing pretrial motions. (*Id.* at 1.) At the request of defendants, the Court extended the pre-trial motion deadline two more times, until such motions were due April 1, 2022. (Order [non-document], 1/13/2022; Order [non-document], 2/16/2022.) In total, twelve pre-trial motions were filed before the deadline. (Doc. Nos. 147, 203, 207–13, 221–22, and 230.)

Two of the motions sought mandatory and/or permissive severance. (Doc. Nos. 203 (Defendant DeAngelo Snell's Motion for Severance); Doc. No. 207 (Defendant Lamuel Flowers' Motion for Severance).) In an exhaustive Memorandum Opinion and Order, issued June 30, 2022, the Court ruled on the then-pending motions. (Doc. No. 281.) Specifically with respect to the motions to sever, the Court denied the motions, finding that defendants had been properly joined in this conspiracy action under Fed. R. Crim. P. 8(b), and further finding that permissive severance under Rule 14 was not warranted. (*Id.* at 17–25.) With respect to permissive severance, the Court ruled that the "obvious conveniences and economies to be gained from trying this complex conspiracy in one proceeding, and the lack of any reason to believe that a curative instruction will not be sufficient to protect against any spillover prejudice," weighed in favor of the Court declining to exercise its discretion under Rule 14. (*Id.* at 24.)

On June 7, 2022, the Court extended certain trial-related motions. (Doc. No. 273 (Ends of

Justice).) The Court did not, however, extend the deadline for filing pre-trial motions. In fact, the Second Amended Pretrial Order, issued the same day, specifically provided that the pre-trial motion deadline had "passed." (Doc. No. 274, at 1, 3.) On October 14, 2022, at the request of numerous defendants, the Court again extended certain dates and deadlines. (Minutes of Proceedings [non-document], 10/14/2022; Doc. No. 334 (Ends of Justice).) The extension was limited to the plea deadline, and the dates for the final pretrial conference and trial. (*See* Minutes of Proceedings [non-document], 10/14/2022.) The Court did not extend the pre-trial motion deadline, which (again) had already passed.

On October 20, 2022, Collins filed the present motion. The motion raises, in perfunctory fashion, many of the same arguments previously raised by co-defendants and rejected by this Court in its June 30, 2022 Memorandum Opinion and Order, though it makes no mention of the Court's adverse ruling on these very same issues.

## II. DISCUSSION

Collins' motion was filed more than six months after the deadline for filing pre-trial motions and without leave of court. Collins offers no reason for the delay, and the Court can find no good cause from the record. The motion, therefore, is untimely and is DENIED for this reason alone. *See, e.g., United States v. Johnson*, 844 F. App'x 838, 841 (6th Cir. 2021) (affirming district court's denial of motion to suppress as untimely and filed without a showing of good cause for the delay).

Moreover, Collins' counsel is admonished for this untimely filing that is based on already-failed arguments. The Court has both the right and the duty to manage its docket in such a way that it ensures the timely and efficient administration of justice. Its efforts in this regard are

frustrated when counsel make unnecessary demands upon the Court to retread over well-covered terrain.

The Court will not waste judicial resources here by revisiting the arguments that severance is necessary to avoid spillover prejudice, antagonistic defenses, differences in criminal involvement and culpability, and jury confusion. Suffice it to say that the same analysis the Court employed in 2022 to deny the timely motions to sever still applies today with respect to these arguments. (*See* Doc. No. 281, at 17–25.) If anything, the reasons for denying severance in this conspiracy action now are even more compelling, in light of the fact that only two defendants remain for trial.[1] Given the present posture of the case, it is even less likely that the jury will be unable to distinguish between the evidence offered against either of the two remaining defendants. Moreover, any possible spillover prejudice can be cured with limiting instructions directing the jury to consider the charges, and the evidence offered in support, against each defendant separately. *See United States v. Flores*, 510 F. Supp. 3d 558, 561–63 (S.D. Ohio 2020) (severance was unnecessary in drug conspiracy action where nineteen of the twenty-two defendants had entered guilty pleas and any possible prejudice to the remaining defendants from a joint trial could be cured with limiting instructions); *see, e.g., United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009) (limiting instruction that each charge against each defendant was to be considered separately sufficient to cure any possible prejudice from joint trial); *see also United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988) (noting that there is a "presumption that the jury will be able to sort

---

[1] The Court acknowledges that, as untimely as it was, Collins' motion was filed before any defendants had entered guilty pleas and all sixteen defendants were intending to go to trial. Accordingly, many of Collins' arguments are now essentially moot. *See, e.g., United States v. Ledbetter*, 137 F. Supp. 3d 1042, 1060 (S.D. Ohio 2015) (finding severance motion moot as to co-defendant who had subsequently entered into a guilty plea). Knowing that the number of defendants remaining for trial had significantly dwindled, Collins should have considered withdrawing his motion, but the Court has not received any such motion.

out the evidence applicable to each defendant and render its verdict accordingly" (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Court's June 30, 2022 Memorandum Opinion and Order (*see* Doc. No. 281, at 17–25), Collins' motion to sever is DENIED.

**IT IS SO ORDERED**.

Dated: July 10, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**